IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JACQUELINE MELCHER

No. C 16-05851 WHA
No. C 16-05852 WHA
No. C 16-05853 WHA

**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT**

/

**INTRODUCTION**

This is a consolidated appeal from three orders of the bankruptcy court in connection with its determination that debtor's homestead exemption had been satisfied. The bankruptcy court's orders are **AFFIRMED**.

**STATEMENT**

Debtor and appellant Jacqueline Melcher, proceeding pro se, filed the three above-captioned appeals to challenge three orders by the bankruptcy court relating to her homestead exemption. At debtor's request and with the Trustee's consent, a prior order consolidated all three appeals with 16-5851 as the lead case. Citations to the docket are to 16-5851 (Dkt. No. 9).

These appeals represent only a small fraction of debtor's lengthy bankruptcy saga, which has been described at length in other orders and need not be repeated here. In brief, debtor filed for Chapter 11 bankruptcy in June 2001. Her case was converted to Chapter 7 in September 2008. Throughout the bankruptcy proceedings, debtor's repeated opposition to the

Trustee's actions caused the Trustee to incur substantial and unnecessary legal fees relating to his administration of the estate. In 2014, Judge Ronald Whyte withdrew the reference to the bankruptcy court and granted the Trustee's motion for sanctions "to compensate the victims of Ms. Melcher's litigation abuses," finding that her conduct had been "clearly unreasonable and vexatious" and that her "repeated filings and unrelenting interference with the Trustee have been both reckless and frivolous." *In re Melcher*, No. C-13-04930, 2014 WL 4954776 (N.D. Cal. Oct. 1, 2014) (Judge Ronald Whyte).[1]

In 2016, the Trustee moved the bankruptcy court for an order determining that debtor's allowed $75,000 homestead exemption had been paid because she had rented out space in her residence in Carmel Valley, California, even though that residence was at all times property of the estate and she was not authorized to use it for any purpose other than dwelling. The Trustee argued that the rent proceeds retained by debtor constituted advance payments on her homestead exemption. After a hearing on September 14, 2016, at which debtor appeared on her own behalf, the bankruptcy court granted the Trustee's motion and deemed debtor's homestead exemption satisfied. Debtor then appealed from the bankruptcy court's orders (1) dated September 7, 2016, denying her request for leave to file an opposition brief to the Trustee's motion; (2) dated September 15, 2016, granting the Trustee's motion; and (3) dated September 22, 2016, denying debtor's request for leave to file a motion for reconsideration of the September 15 order.

**ANALYSIS**

The Trustee points out in his response brief that debtor's claims are now moot because all of the estate assets have been distributed to non-parties and the Court can afford no effectual relief (Dkt. No. 27 at 2, 5–7). Debtor does not respond to this issue in her reply brief.

Moreover, debtor has not carried her burden to provide an adequate record on appeal. *See In re Drysdale*, 248 B.R. 386, 388 (B.A.P. 9th Cir. 2000). Although these appeals challenge the bankruptcy court's orders concerning debtor's homestead exemption, the record

---

[1] Judge Whyte deferred ruling on the amount of sanctions pending completion of the bankruptcy case and the bankruptcy court's determination of the amount of attorney's fees to award. That action — along with several of debtor's bankruptcy appeals — was subsequently reassigned to the undersigned judge.

2

1  on appeal contains hundreds of documents and thousands of pages with no discernible relevance
2  to that issue. Compounding the problem, debtor's briefs contain extensive allegations with no
3  specific citations to the record. Despite this, on the same day that the Trustee filed his response
4  brief, debtor filed a motion to yet again supplement the record (Dkt. No. 28). A prior order
5  denied that motion (Dkt. No. 29).[2]

6  Even if, despite the mootness issue and debtor's failure to support her appeal with an
7  adequate record, this order were to reach her arguments on their merits, she has shown no basis
8  for reversing the decisions of the bankruptcy court. For example, she never addresses the
9  bankruptcy court's findings in its September 7 and September 22 orders that her proposed
10 opposition brief and motion for reconsideration lacked merit, addressed "irrelevant matters"
11 with "no basis in law or fact," were "duplicative of prior filings on which the court ha[d]
12 previously ruled," and were "motivated by an effort to harass or delay the Trustee's closing of
13 [her] estate." Instead, most of debtor's ten-page opening brief and twelve-page reply brief is
14 dedicated to advancing her narrative of what happened throughout her prolonged bankruptcy
15 and complaining of various ways in which she believes the Trustee, and other players in the
16 bankruptcy proceedings, wronged her or retaliated against her (*see* Dkt. Nos. 26-1, 33).[3]

17 The closest debtor comes to advancing her appeals is in an argument that her homestead
18 exemption should have been $175,000 instead of $75,000. But there is no indication in the
19 record on appeal that anyone ever debated the correct amount of the homestead exemption
20 before the bankruptcy court, or that any such debate had any bearing on the three orders
21 challenged on these appeals. Moreover, debtor does not dispute that her own bankruptcy
22 Schedule C had claimed a $75,000 homestead exemption, or that she had retained rent from a

---

[2] After briefing completed, debtor filed another motion for "clarification" of the prior order denying her request to supplement the record, asking the Court to confirm if the record included unspecified briefs, excerpts of record, and transcripts from the Bankruptcy Appellate Panel, as well as certain property appraisals (Dkt. No. 35 at 4). The motion states, "The Homestead Exemption is not an isolated issue," but does not explain how any of the documents referenced by debtor bear on that issue. This order declines to search debtor's record designations to confirm the presence (or absence) of documents irrelevant to these appeals, particularly since she cannot supplement the record any further anyway. Her motion for "clarification" is **DENIED**.

[3] After briefing completed and without the Court's permission, debtor filed a "correction" to her reply brief (Dkt. No. 36). The unauthorized correction, as it appears on the Court's electronic docket, is poorly scanned and largely unreadable. This order considers only debtor's original reply brief.

3

tenant in her Carmel Valley residence. Instead, she suggests she bears no responsibility for that claimed exemption because "[s]omeone early in 2001 filed [her] claim of the exemption on Schedule C," but she "had no idea what a Homestead meant" even though "it was recorded in [her] chapter 11 filing schedules" (Dkt. No. 26-1 at 7; *see also* Dkt. No. 33 at 6). Debtor's disagreement with her own bankruptcy schedules years after the fact does not constitute reversible error by the bankruptcy court.

Even assuming for the sake of argument that there is some truth to debtor's extensive complaints of general maltreatment or poor decisionmaking in her bankruptcy proceedings, these bankruptcy appeals are not an appropriate forum for those grievances. Indeed, debtor's arguments, to the extent comprehensible, seem to seek relief plainly unavailable from this Court, which can neither unwind her bankruptcy proceedings nor review decisions not properly challenged on appeal (*see, e.g.*, Dkt. No. 26-1 at 10 (concluding that "[t]here was no need to sell any of the Appellant's properties"); Dkt. No. 33 at 12 (concluding that "[t]hey took it all")). In short, debtor has shown no reversible error in any of the three specific orders of the bankruptcy court from which she appealed, nor can this order find any such error based on debtor's briefing and designated record on appeal.

**CONCLUSION**

The bankruptcy court's orders are **AFFIRMED**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: September 30, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4